[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this court on May 1, 1991 with a return day of May 21, 1991, and thence to later dates when the parties appeared for a limited contested trial which was heard on January 21 and January 22, 1993. The Plaintiff's Post Trial Memorandum was filed with the Clerk's Office on February 16, 1993. The Defendant's Post Trial Brief And Arguments was filed with the Clerk's Office on February 17, 1993.
The Court, having heard the evidence, finds the following:
The wife, CAROL LO RUSSO, whose maiden name was CAROL FUSILLO, CT Page 5086 was lawfully married to the husband, WILLIAM LO RUSSO, on December 6, 1970 at Bronx, New York. At least one party has resided continuously in this State twelve months next before the date of the filing of the complaint and all statutory stays have expired. The marriage of the parties has broken down irretrievably.
Two children were born to the wife since the date of the marriage, both of whom are the lawful issue of the marriage, both of whom are alive, and neither of whom are now minors.
The children, Debbie who is 21 years of age, and Gina who is 18 years of age, reside with the wife (their mother), in the former marital residence, a three bedroom home located at 54 Cambridge Street, Fairfield, Connecticut.
The husband testified that he resided in a one room efficiency unit in a residential motel in New Fairfield, Connecticut. Neither of the parties has been married before. The husband turned 45 years of age on March 3, 1993, and the wife will become 43 years of age on August 6, 1993. The health of each party is such that each can pursue full time employment, and each of the parties has been gainfully employed for a considerable period of time. Each party believes that the other is capable of earning more monies than they show on their respective financial affidavits. The wife believes that the husband earns more than is shown on his financial affidavit and that many expenses are being paid by his company (he owns a 90% percent interest in Mohawk Services of Danbury, Inc.), an automobile tire business with related activities. The parties also dispute the value of the business as well as the value of the marital domicile which is encumbered by a mortgage used to enable the husband to purchase his business. There is little if anything upon which the parties can agree.
The wife and the husband each claimed a variety of circumstances which they believe led to the breakdown of the marriage, each blaming the other party.
The Court has reviewed all of the testimony, the exhibits, the financial affidavits of the parties, the briefs of counsel and their proposals for judgment. In addition, the Court has taken into consideration all of the criteria set forth in Connecticut General Statutes Sec. 46b-81 (the assignment of property and transfer of title statute), and Sec. 46b-82 (the alimony statute).
Accordingly, the Court orders as follows: CT Page 5087
A decree of dissolution of the marriage shall enter on the grounds of irretrievable breakdown of the marriage.
DIVISION OF CERTAIN ASSETS
The Court believes that it is appropriate to separate the assets of the parties so that neither shall have an interest in the property of the other, except that which is appropriate by way of security interest. The major assets of the marriage consist of the marital domicile and the business entity, both referred to above.
REAL ESTATE
The husband shall convey to the wife by quit claim deed all of his right, title and interest in and to the former marital domicile located at 54 Cambridge Street, Fairfield, Connecticut. The husband shall be responsible for and shall pay the principal and interest on the first and second mortgages covering said premises in a timely fashion until each mortgage is paid in full. The husband shall be responsible for and pay all sums necessary to bring the real estate taxes current. The wife shall be solely responsible for any and all costs and expenses in connection with said real estate (except for said mortgage payments), which expenses include but are not limited to future real estate taxes, insurance and maintenance and shall indemnify and hold the husband harmless from all claims and liabilities therefrom.
MOHAWK SERVICES OF DANBURY, INC.
The husband shall be entitled to retain his interest in Mohawk Services of Danbury, Inc. and the wife shall convey to her husband any interest that she may have in and to said business other than a security interest set forth below.
IRAS
The husband's financial affidavit listed an IRA with a value of $13,500. The wife's affidavit listed an IRA with a value of $10,755.00. Each party shall retain their respective IRA. In order to equalize the value, the husband shall pay to the wife as a property settlement in connection with this item, the sum of $1,372.50 within a period of 60 days from date.
INSURANCE POLICIES
Of the total cash and surrender value of $17,973.00 listed on the CT Page 5088 husband's financial affidavit, $13,300.00 is shown as the cash and surrender value of the policy still owned by him. Each party shall retain ownership in their respective insurance policies. In order to equalize the value, the husband shall pay to the wife as a property settlement, the sum of $4,513.50 within six months of the date hereof.
AUTOMOBILES
Each party shall be the sole owner of the automobiles listed on their respective financial affidavits and each party shall sign such documents as may be necessary to place ownership accordingly.
FURNITURE AND FURNISHINGS
The wife shall be the sole owner of the furniture and furnishings located at the former marital residence. The husband shall be the sole owner of any furniture and furnishings located at his residence.
OTHER PERSONAL PROPERTY
Except as set forth above, each party shall retain all other tangible and intangible personal property now in his or her possession, free and clear of any claim of the other.
ALIMONY
The husband shall pay to the wife as alimony, the sum of $150.00 per week as alimony. Said alimony shall terminate upon the happening of the first of the following events:
a) the death of either party;
b) the wife's remarriage;
c) the wife's cohabitation under the statute;
 d) five (5) years from the date hereof. (This will give the wife the opportunity to complete any additional education that she may require in order to obtain more desirable employment. It will likewise give the wife the opportunity to allow the children of the parties to further their education and remain in the former marital domicile with less necessity to make any financial contribution during that time.
SECURITY INTEREST CT Page 5089
In order to provide security for the husband's obligation to pay the real estate mortgage and alimony obligations as set forth herein, the husband shall give to the wife a security interest in the shares of stock that he owns in Mohawk Services of Danbury, Inc., in form and terms substantially similar to that required by lending institutions. So long as the husband is current in his obligations, he shall be entitled to all of the rights and privileges of unencumbered ownership in said shares.
MEDICAL INSURANCE
If the wife does not have health insurance as an incident of any employment, the husband shall cooperate with the wife to assist her in obtaining medical insurance under COBRA. The cost of said insurance shall be paid by the husband for the first year. Thereafter, the wife shall be responsible for the payment of the insurance premiums.
The wife shall be solely responsible for any unreimbursed medical expense.
INCOME TAXES
The parties shall share in proportion to their income any taxes due or refunds from the Internal Revenue Service and/or the State of Connecticut, for the period of time that they were married.
ATTORNEY'S FEES
Each party shall be solely responsible for the payment of their respective attorney's fees.
LIABILITIES
Other than as set forth above, each party shall be solely responsible for their own liabilities including those shown on their respective financial affidavits.
WAGE EXECUTION
An immediate wage execution is ordered with respect to the husband's alimony obligation.
MORTON I. RIEFBERG JUDGE OF THE SUPERIOR COURT CT Page 5090